IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

OWEN F SILVIOUS,

                Plaintiff,

v.                      Case No:   5:07-cv-145-FPS-JES

MIDLAND CREDIT MANAGEMENT INC.,
ENCORE CAPITAL GROUP INC.,
ACCOUNT SERVICES COLLECTION, INC.,
APPLIED BANK,   AFNI, INC.,
LTD FINANCIAL SERVICES LP,

                Defendants.

PLAINTIFFS REPLY TO THE ANSWER
OF DEFENDANT APPLIED BANK (APPLIED CARD BANK)

    Plaintiff is proceeding pro se and this court is required to liberally construe the complaint and accept the allegations in the complaint as true
    In Reply to the Answer of defendant Applied Card Bank (defendant changed its name to Applied Bank) plaintiff states the following:

    1.    Plaintiff hereby realleges each and every allegation and statement made against defendant Applied Bank in his original complaint as true and correct.

    2.    As to paragraph 2 of defendant Applied Banks answer, defendant wrote a collection letter to plaintiff in West Virginia dated May 15, 2007 which is attached to the complaint. Defendant Applied Bank attepmted to collect a debt from plaintiff in West Virginia.

    3.    No reply required – see complaint and letter attached thereto from defendant Applied Bank.

    4.    See original complaint.

    5.1 – 5.3    No reply required – see original complaint.

    5.4    Under West Virginia law, West Va. Code 46A-2-122(d), Applied Bank is a debt colelctor. The West Virginia Supreme Court of Appeals has

held that the phrase "debt collector" be construed to extend to creditors
collecting their own debts. See THOMAS v. FIRESTONE TIRE & RUBBER CO,
164 W. Va. 763, 266 S.E. 2d 905(W. Va. 1980). The law is very clear in
West Virginia on the argument. Defendants counsel should ~~have know~~ what
the law is in West Virginia before they denied that Applied Bank is a
debt collector as alleged in the complaint. See MCGRAW v. DISCOVER FINANCIAL
SERVICES, 2005 US Dist LEXIS 37111(SD WVa 2005); STURM v. PROVIDIAN NATIONAL
BANK, 242 B.R. 599, 603(SD WVA 1999); UNIVERSAL BANK v. MACHNIC, 271 B.R.
789(SD WVa. 2002 stating " principles of agency law imputes liability to
Applied Bank for the actions of the colelction agency, Account Services."
CHAPMAN v. ACB BUSINESS SVCS, 1997 US Dist LEXIS 23743(SDWVa 1997).

5.5 -5.8     No reply required – see complaint.

    6.     See original complaint.

    6.1 – 6.3     No reply required.

    6.4     Plaintiff realleges the allegations stated in his complaint
in paragraph 6.4 of the complaint against defendant Applied Bank.

    6.5 – 6.8     No reply required – see complaint.

    7.     Under agency law defendant Applied Bank is liable for the actions
of defendant Account Services as if defendant Applied Bank had actually
the communications to plaintiff themselves.

    7.1 – 7.2     No reply required – see complaint.

    7.3     The written correspondence dated November 6, 2006 and December 4,
2006 were from Account Services acting on behalf of defendant Applied Bank.
Applied Bank states it sent the written communications to plaintiff. Applied
admits is is responsible for the letters from Account Services.

    7.4     Defendant Applied Bank admits allegation 7.4 of the complaint.

    7.5     No reply required – see complaint.

    7.5a and 7.56   Plaintiff realleges the allegation stated in his complaint.

    8 – 8.3   No reply required.  See complaint.

    8.4     Plaintiff is entitled to $1,000.00 in statutory damages under
15 USC 1692k and $8,000.00 in statutory damages under West Va. Code 46A-5-104
and 46A-5-106 based on the Consumer Price Index beginning September 1974 to
the date the action was filed. Defendant Applied Bank willfully and intentionally
violated both federal and West Virginia debt collection statutes through its
collection agency, Account Services.

Defendants Additional Defenses

1.     Plaintiff has stated a valid claim against Applied Bank. The Supreme Court in CONLEY v. GIBSON, 355 US 41, 47,  78 S. CT. 99, 2 L ED 2d 80(1957) and SWIERKIEWICZ v. SOREMA NA, 534 US 506, 512m 122 S. Ct. 992, 152 L Ed 2d 1(2002), stated very clearly,  "The claim need only be specific enough to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  The Supreme Court further stated, "Rule 8(a)(2) does not require a claimant to set out in detail the facts upon which he bases his claim."  The Supreme Court does not require parties to plead the elements of their claim.

This court is required to construe plaintiff pleadings liberally because plaintiff is acting pro se. See HAINES v. KERNER, 401 US 519, 520, 92 S. CT. 594, 30 L Ed 2d 652(1972).

2.     There is no excuse for defendant Applied Bank or its collection agent to violate federal and state stautues pertaining to debt collection. They have been conducting business for more than ten years. They conduct business throughout the UNited States, including West Virginia. Discovery will prove this point.

3.     Plaintiff claims are not barred by any statute of limitations. The statute of limitations for the federal claim is one year and the statute of limitations for the West Virginia claim is four years.

4.     Plaintiff wrote to defendant Applied Bank and Account Services several times trying to get the matter settled before any action was filed in federal court. Defendants never responded postively to plaintiff.

5.     Defendant did not act in good faith. See complaint.

6.     See complaint and documents attached thereto pertaining to defendants Applied Bank and Account Services. The statutes does not require plaintiff to rely on any alleged false or misleading representations made by defendants.

7.     Plaintiff realleges the allegations stated in his complaint along with documents attached thereto pertaining to defendants Applied Bank and Account Services.

3

8.     No reply required – see complaint.

Plaintiff request this court deny defendant Applied Banks request to dismiss the action against defendant and deny defendants any attorney fees and costs. Plaintiff field the action against Applied Bank and Account Services because they violated both federal and state debt colleciton statutes.

Plaintiff request the court to award him statutory damages against Applied Bank in the amount of $9,000.00 as requested in paragrapgs 8.3 and 8.4 of his complaint and such other relief that the court may deem proper.

Respectfully submitted,

Owen F Silvious
16497077 FCI-2 Butner
PO Box 1500
Butner, NC 27509

Owen F Silvious
Plaintiff, Pro Se

4

CERTIFICATE OF SERVICE

I certify that on July____/5____, 2008, I mailed the forgoing
Answer(s) to the following persons by first class mail, postage prepaid:


Robert J. Hannen, Jr
Thorp Reed & Armstrong LLP
1233 Main Street, Ste 4000
Wheeling, WV 26003
Attorney for defendant Applied Bank
and Account Services Collection Inc.

Bruce M Jocabs, Esq
Spilman Thomas & Battle PLLC
300 Kanawha Blvd
PO Box 273
Charleston, WV 25321
Attorney for defendant
LTD Financial Services LP

Daniel T Booth
Booth & McCarthy
901 W. Main Street, Ste 201
PO Box 4669
Bridgeport, WV 26330

Mr Jason S. Long, Esq
Dinsmore & Shohl LLP
215 Don Knotts Blvd., Ste 310
Morgantown, WV 26501
Attorney for defendants
Midland Credit Management Inc and
Encore Capital Group Inc.


Owen F Silvious