**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**OWEN F. SILVIOUS,**

    **Plaintiff,**

**v.**                                                    **Civil Action No. 5:07cv145**
                                                                **(Judge Stamp)**

**AFNI, INC.,**

    **Defendant.**

## REPORT AND RECOMMENDATION

### I. Introduction

**A. Background**

Owen F. Silvious ("plaintiff") has filed a lawsuit against the above-named defendants in an action alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). All of the defendants have been dismissed from this action with the exception of AFNI, Inc. ("AFNI") Specifically, the plaintiff alleges that AFNI violated 15 U.S.C. § 1692(e)(11) by not disclosing that communications sent to plaintiff were from a debt collector. The plaintiff is seeking $16,000 from AFNI plus attorney's fees and costs.

**B. The Motion**

Defendant's First Motion for Summary Judgment.[1]

**C. Recommendation**

---

[1] Dkt. No. 77

I recommend that the Defendant's First Motion for Summary Judgment be granted because the communications in question were not related to collecting a debt and did not require the statutory language.

## II. Facts

On November 6, 2006, plaintiff received an initial communication from AFNI regarding an alleged debt the plaintiff owed. This initial letter to the plaintiff contained the statutorily required language notifying the plaintiff that the letter was from a debt collection agency and that any information gained would be used for that purpose. The plaintiff responded to AFNI with a letter on November 30 2006, stating that he never opened an account with Verizon and did not owe the alleged debt. AFNI then sent a second letter to the plaintiff stating they required more information to resolve the dispute and this letter also contained the statutorily required language. The plaintiff responded by writing AFNI and stating that he had no other information about the debt other than the initial letter sent to him by AFNI. Finally, the plaintiff received two letters containing the exact same information from AFNI on March 28, 2007, and April 2, 2007. These letters stated the alleged debt had been settled and plaintiff's account would be closed. These two letters did not indicate that they were from a debt collector and are the communications in question in this action.

## III. Standard of Review

### A. Summary Judgment

Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In applying the standard for

summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. V. Catrett, 477 U.S. 317, 322-23 (1986). The court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. liberty lobby, Inc., 477 U.S. 242, 248 *1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but...must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248. To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson at 248. Summary judgment is proper only

"[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita at 587 (citation omitted).

## IV. Defendant's First Motion for Summary Judgment

### A. Contentions of the Parties

Defendant contends that the communications in question do not require the language required by the FDCPA because the letters did not have any connection with the collection of a debt. Defendant also contends that the letters did not violate the WVCCPA because there is no requirement under that statute that every communication state that it is from a debt collector.

Plaintiff contends that the communications in question do require the language required by the FDCPA because all communications from a debt collector require this language. The plaintiff also contends that the WVCCPA was violated because the communication failed to clearly disclose the address of the person to whom the debt was allegedly owed.

### B. Discussion

The FDCPA is an act that was passed by Congress to protect a debtor from false, misleading, or deceptive representation in the attempt to collect a debt. In pertinent part, the FDCPA states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

4

15 U.S.C. § 1692(e)(11).

It is not disputed that the two letters in question do not contain the language specified by the statute that they are from a debt collector. The issue that must be considered is whether these letters required the notification language that is demanded for communications made in an effort to collect any debt.

The plaintiff cites <u>Carroll v. Wolpoff & Abramson</u>, 961 F.2d 459, (4th Cir. 1992), that holds that all communications, initial or subsequent, are subject to the requirements set forth in the statute. <u>Id</u>. This case is distinguishable from the case at hand, however, because it did not involve the issue of determining whether a communication that was made not in an effort to collect a debt was still subject to the statute. The communications at issue in <u>Carroll</u> were dealing with collecting a debt, and the question was whether subsequent communications needed the required language after an initial communication had been made. Also, the Court stated in <u>Geiger v. Creditors Interchange, Inc.</u>, 59 Fed. Appx. 803, 2003 (6th Cir. 2003), that Congress had amended the statute in 1996 and eliminated the requirement that 'all' communications include the required language. <u>Id</u>. at 804. Therefore, the argument fails because the Fourth Circuit case the defendant relies upon has been superceded.

There are also a number of Courts that have held that a communication from a debt collector that does not involve the collection of a debt does not require the statutory language. The <u>Geiger</u> case has a similar fact pattern to the case at hand. An initial communication was made between the collector and the debtor in which the collector alleged that a debt was owed by the debtor. The debtor responded and refuted that such a debt was owed. A final communication was sent which

5

notified the debtor that the dispute had been resolved and no debt was owed. The debtor then filed suit against the creditor alleging the last communication violated the FDCPA because it did not contain language stating it was from a 'debt collector.' In Geiger, the Court held that "because Creditors' letter was sent in response to Geiger's charge that Creditors had violated the FDCPA, it was not a communication conveying information regarding a debt and did not even require the notification language from § 1692(e)(11). Id. The Court further stated that "Geiger's argument that the debt collector warning language of 15 U.S.C. § 1692(e)(11) must be incorporated into every communication between a debt collector and a consumer is without merit." Id.

Also, in Francis v. GMAC Mortg., 2007 WL 1648884, (E.D.Mich. 2007), the plaintiff argued that all communications between a creditor and debtor must contain the required language specified in § 1692(e)(11). In response to the plaintiff's argument the Court stated:

> If plaintiff's argument were accepted, so long as the letter referred to the debt in any manner, even by simply reciting the account number, it would convey information regarding a debt. All communications from the debt collector to the consumer would likely fall within this category. If Congress had intended the FDCPA's scope to be so broad, however, it could have simply prohibited communications, in any form, from a debt collector to a consumer without the specified notices. Under the current version of the statute, however, the FDCPA cannot be interpreted so broadly.

Id. Like the communications in question in Geiger, the communications in Francis were in response to the consumer's inquiry about the alleged debt that he owed. It is clear from these two cases that not all communications from a creditor to a debtor require the statutorily mandated language set forth in § 1692(e)(11).

The plaintiff further contends that the letters in question violate the WVCCPA because they do not include the address of the person to whom the debt is owed. The WVCCPA states, in pertinent part:

> No debt collector shall use any fraudulent, deceptive or misleading representation or means to collect or attempt to collect claims or to obtain information concerning consumers. Without limiting the general application of the foregoing, the following conduct is deemed to violate this section:
>
> . . .
>
> (c) The failure to clearly disclose the name and full business address of the person to whom the claim has been assigned for collection, or to whom the claim is owed, at the time of making any demand for money.

West Virginia Code § 46A-2-127. The statute clearly states that the address of the person to whom the debt is owed, or to whom the claim has been assigned for collection, is required at the time of 'making any demand for money.' Only the first communication between the defendant and plaintiff had any such information contained in it. The first letter clearly contains the full business name and address of AFNI, Inc. as well as the name of the company that retained AFNI to collect the debt, Verizon. All of the subsequent letters, even though they do not deal with a demand for payment, also contain the full name and address of AFNI and, therefore, do not violate the WVCCPA.

## V. Recommendation

The undersigned recommends that Defendant's First Motion for Summary Judgment (Doc. 77) be **GRANTED** because the letters in question were not connected in any way with collecting a debt and, therefore, do not need to include the statutorily mandated language. It is further recommended that the plaintiff's Motion for Continuance (Doc. 89) be **DENIED** as moot and defendant's Motion to Strike (Doc. 96) be **GRANTED.**

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the

Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984)

       The Clerk of the Court is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. In addition, the clerk is directed to send a copy to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: June 29, 2009

                                                /s/ James E. Seibert
                                           JAMES E. SEIBERT
                                           UNITED STATES MAGISTRATE