IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


OWEN F. SILVIOUS,

    Plaintiff,

v.                                    Civil Action No. 5:07CV145
                                                         (STAMP)
MIDLAND CREDIT MANAGEMENT, INC.,
ENCORE CAPITAL GROUP, INC.,
ACCOUNT SERVICES,
APPLIED CARD BANK, AFNI, INC.,
CREDIGY RECEIVABLES, INC.,
CREDIT ONE BANK, and
LTD FINANCIAL SERVICES, LP,

    Defendants.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE,
GRANTING DEFENDANT ANFI, INC.'S
MOTION FOR SUMMARY JUDGMENT,
DENYING AS MOOT PLAINTIFF'S
MOTION FOR CONTINUANCE AND
GRANTING DEFENDANT ANFI, INC.'S MOTION TO
STRIKE "PLAINTIFF'S ADDITIONAL REPLY TO
DEFENDANT ANFI, INC. MOTION FOR SUMMARY JUDGMENT"**

I. Procedural History

On November 13, 2007, the plaintiff, an inmate at FCI-2 Butner, filed a complaint against multiple defendants pursuant to the Fair Debt Collection Act ("FDCPA") and the West Virginia Consumer Credit and Protection Act ("WVCCPA"). Pursuant to Local Rule of Prisoner Litigation Procedure 83.09, this matter was referred to United States Magistrate Judge James E. Seibert for report and recommended disposition. On December 7, 2007, the plaintiff filed an amendment to the original complaint. He subsequently settled his claims and dismissed his complaint as to

all but one defendant, AFNI, Inc.  AFNI filed an answer to the amended complaint to which the plaintiff filed a reply.  Thereafter, AFNI filed a motion for summary judgment, to which the plaintiff responded and AFNI replied.  The plaintiff then filed a sur-reply (styled, "Plaintiff's Additional Reply to Defendant AFNI, INC. Motion for Summary Judgment").  AFNI filed a motion to strike the plaintiff's "additional reply" to which the plaintiff filed a response (styled, "Plaintiff's Reply to Motion to Strike Filed by Defendant AFNI, INC.").  The plaintiff also filed a pleading styled, "Plaintiff's Citation of Authorities to Support His Allegations Against Defendant AFNI, INC."  AFNI did not file a reply in support of its motion to strike the plaintiff's additional reply.  However, AFNI did file what it styled as a "Sur-Rebuttal Memorandum in Support of Motion for Summary Judgment of AFNI, Inc."

While the above matters were pending, the plaintiff filed what he styled as a "Motion for Continuance Pursuant to Rule 56(f)," in which he requested a period of thirty days to conduct discovery to obtain additional evidence in support of his position that AFNI's motion for summary judgment should be denied.  AFNI filed a response in opposition.

On June 29, 2009, Magistrate Judge Seibert entered a report and recommendation recommending that AFNI's motion for summary judgment be granted, that the plaintiff's motion for a continuance be denied as moot, and that AFNI's motion to strike be granted.  The magistrate judge advised the parties that, pursuant to 28

U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The plaintiff filed objections. AFNI filed a response to the plaintiff's objections, and the plaintiff filed a reply to AFNI's response.

For the reasons stated below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

## II. Facts

The plaintiff alleges that on November 6, 2006, he received a letter from AFNI notifying him that AFNI was a debt collection agency which was contacting him in connection with a debt he allegedly owed to Verizon. That letter also informed the plaintiff that any information he provided would be used by AFNI for the purpose of collecting the debt.

In response, the plaintiff informed AFNI by letter that he had never opened a Verizon account and that he did not owe the alleged debt. AFNI then sent the plaintiff a second letter advising the plaintiff that AFNI needed more information to resolve the dispute. The second letter also informed the plaintiff that AFNI was a debt collection agency and that any information obtained would be used to facilitate the collection of the debt the plaintiff owed to Verizon. The plaintiff wrote to AFNI and explained that he had no further information about the debt to provide.

On March 28, 2007, and April 2, 2007, the plaintiff received two letters from AFNI containing identical information. Specifically, the letters informed the plaintiff that the debt had been settled and that the plaintiff's account would be closed. These letters did not inform the plaintiff that they were from a debt collection agency, nor did they advise the plaintiff that any information obtained from the plaintiff would be used for the purpose of collecting the debt. This civil action followed.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff has filed objections, this Court conducts de novo review to those portions of the magistrate judge's report and recommendation to which the plaintiff objects.

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

4

material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

IV. Discussion

A. Fair Debt Collection Practices Act

The plaintiff contends that the March 28, 2007 and April 2, 2007 letters from AFNI violated the FDCPA because the letters omitted language required by that statute in communications from collection agencies to debtors regarding the collection of a debt. In relevant part, the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * *
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the

> initial communication with the consumer is oral, in that initial communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692(e)(11).

In its motion for summary judgment, AFNI argues that the statutory language did not need to be included in the letters in question because the letters were not related to the collection of a debt, but rather to the retirement of a debt. The plaintiff argues that all communications from a debt collection agency, whether initial or subsequent, must include the language set forth in the FDCPA. As support, the plaintiff cites Carroll v. Wolpoff & Abramson, 961 F.2d 459 (4th Cir. 1992), which held that all initial and subsequent communications in an effort to collect a debt must include the statutory language.

The magistrate judge determined that Carroll is not precisely on point with the facts of this case because the question in Carroll was whether subsequent communications made in an effort to collect a debt require the statutory language, whereas here, the letters in question simply informed the plaintiff that the dispute had been settled and, therefore, did not constitute an effort to collect the debt. The magistrate judge also noted that a number of cases more factually similar to this one than Carroll have held that a communication from a debt collector that does not involve the collection of a debt need not include the statutory language.

7

See, e.g., Geiger v. Creditors Interchange Inc., 59 F. App'x. 803 (6th Cir. 2003)(unpublished); Francis v. GMAC Mortg., No. 06-CV-15777-DT, 2007 WL 1648884 (E.D. Mich. June 6, 2007) (unpublished). Because the magistrate found the letters had no connection to the collection of a debt, he concluded that they did not need to include the statutory language and, therefore, that AFNI was entitled to summary judgment on the plaintiff's FDCPA claim.

In his objections, the plaintiff contends that Carroll is controlling because it has not been supplanted by en banc decision of the United States Court of Appeals for the Fourth or by a decision of the United States Supreme Court.[1] This objection lacks merit, as it fails to recognize that the facts in this action are factually dissimilar to those in Carroll. Upon de novo review, this Court agrees with the magistrate judge's conclusion that the letters at issue in this case were not communications relating to the collection of debt. Thus, the statutory language was not improperly omitted from the letters, and summary judgment must granted in AFNI's favor on the plaintiff's FDCPA claim.

B. West Virginia Consumer Credit and Protection Act

In his complaint, the plaintiff alleges that the two AFNI letters in question also violated the West Virginia Consumer Credit and Protection Act because the letters do not contain the address

---

[1] AFNI argues that the plaintiff's objections should not be considered by this Court because they were untimely filed. This Court finds that the objections were timely and, accordingly, has reviewed and considered them.

of the person to whom the debt is owed. The WVCCPA provides, in relevant part:

> No debt collector shall use any fraudulent, deceptive or misleading representation or means to collect or attempt to collect claims or to obtain information concerning consumers. Without limiting the general application of the foregoing, the following conduct is deemed to violate this section:
>
> * * *
>
> (c) The failure to clearly disclose the name and full business address of the person to whom the claim has been assigned for collection, or to whom the claim is owed, at the time of making any demand for money.

W. Va. Code § 46A-2-127. The magistrate judge found that the statute requires the address of the person to whom the debt is owed, or to whom the claim has been assigned for collection, only in communications making a demand for money. Because the two letters at issue in this action make no demand for money, the magistrate judge concluded that the omitted information about which the plaintiff complains did not need to be included. The plaintiff has asserted no objection to this portion of the report and recommendation. Accordingly, the applicable standard of review is clear error. This Court finds that the magistrate judge's findings and recommendation concerning the plaintiff's WVCCPA claims are not clearly erroneous. Therefore, AFNI is entitled to summary judgment on the plaintiff's WVCCPA claim.

C. <u>Plaintiff's Motion for Continuance</u>

After briefing was completed on AFNI's motion for summary judgment, the plaintiff filed a motion for a continuance to obtain

additional legal authority in support of his position that AFNI violated the FDCPA. Subsequently, the plaintiff filed additional legal authority to support his allegations against AFNI. Accordingly, the magistrate recommended that the plaintiff's motion for a continuance be denied as moot. The plaintiff did not object to this portion of the magistrate judge's report and recommendation. Therefore, clear error is the applicable standard of review. The magistrate judge's findings and recommendation concerning the plaintiff's motion for continuance are not clearly erroneous. Accordingly, the motion will be denied as moot.

D. Defendant's Motion to Strike

The plaintiff, without leave of Court, filed a sur-reply, which the plaintiff calls an "additional reply" to AFNI's reply to the plaintiff's response in opposition to AFNI's motion for summary judgment. AFNI believes the "additional reply" should be stricken because the version of Local Rule of Civil Procedure 7.02 in effect at the time the plaintiff filed his "additional reply" did not specifically provide for such a pleading.[2] Moreover, AFNI argues that the "additional reply" merely reiterates the plaintiff's previously stated arguments, and that it fails to advance any new legal arguments or authority, or any change in relevant case law or

---

[2]As revised effective April 8, 2009, Local Rule 7.02 now expressly prohibits the filing of a sur-reply or sur-rebuttal except by leave of court. See L.R. Civ. P. 7.02(b)(4). However, at the time the plaintiff filed his "additional reply," Local Rule 7.02 neither expressly barred nor expressly permitted such pleadings.

interpretations thereof. The magistrate judge recommended that this Court grant AFNI's motion to strike the plaintiff's "additional reply."

In his objections, the plaintiff contends that his "additional reply" should not be stricken because it is not a "pleading" as that term is defined by Federal Rule of Civil Procedure 7(a). This argument lacks merit. Upon de novo review, this Court agrees with the magistrate judge's recommendation that AFNI's motion to strike the plaintiff's "additional reply" should be granted.

## V. Conclusion

For the foregoing reasons, the magistrate judge's report and recommendation is AFFIRMED AND ADOPTED in its entirety. Accordingly, defendant AFNI, Inc.'s motion for summary judgment is GRANTED, the plaintiff's motion for continuance is DENIED AS MOOT, and defendant AFNI, Inc.'s motion to strike "Plaintiffs Additional Reply to Defendant AFNI, Inc., Motion for Summary Judgment" is GRANTED. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: August 3, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE