```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

OWEN F. SILVIOUS,

    Plaintiff,

v.                                    Civil Action No. 5:07CV145
                                                                       (STAMP)

MIDLAND CREDIT MANAGEMENT, INC.,
ENCORE CAPITAL GROUP, INC.,
ACCOUNT SERVICES,
APPLIED CARD BANK, AFNI, INC.,
CREDIGY RECEIVABLES, INC.,
CREDIT ONE BANK, and
LTD FINANCIAL SERVICES, LP,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**ADOPTING AND AFFIRMING ORDER**
**OF THE MAGISTRATE JUDGE**

I.   Background

On November 13, 2007, the plaintiff, an inmate at FCI-2 Butner, filed a complaint against multiple defendants pursuant to the Fair Debt Collection Practices Act ("FDCPA") and the West Virginia Consumer Credit and Protection Act ("WVCCPA"). He subsequently settled his claims and dismissed his complaint as to all but one defendant, AFNI, Inc. ("AFNI"). Thereafter, this Court granted AFNI's motion for summary judgment, finding that the plaintiff did not have an action under the FDCPA or the WVCCPA. The plaintiff then filed a motion asking this Court to make additional findings of fact, which this Court denied.

AFNI then filed a motion for attorney's fees under the FDCPA, the WVCCPA, and Federal Rule of Civil Procedure ("Rule") 11. After the parties briefed the motion, the plaintiff filed a notice of

appeal to the United States Court of Appeals for the Fourth Circuit as to this Court's memorandum opinion and order granting AFNI's motion for summary judgment.

United States Magistrate Judge James E. Seibert issued an order granting AFNI's motion for attorney's fees.[1]  Specifically, the magistrate judge found that the plaintiff did not have a meritorious argument and continued his lawsuit merely for the purpose of harassing the defendant and obtaining a money judgment. The magistrate judge concluded that the defendant is therefore entitled to attorney's fees.  Accordingly, Magistrate Judge Seibert recommended a total award of $3,920.00.

Upon submitting this report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his order, they must file written objections within fourteen days after being served with a copy of the order.  The plaintiff filed timely objections.  While he objects to the entire order, the plaintiff makes three main objections: (1) the magistrate judge could not find bad faith because of the plaintiff's numerous citations to cases and statutes; (2) Congress did not intend that a district court could award attorney's fees against a pro se prisoner, proceeding in forma pauperis; and (3) the plaintiff did not have notice of the summary judgment motion.

---

[1] This Court, NUNC PRO TUNC to August 17, 2009, refers this motion to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to Federal Rule of Civil Procedure 54(d)(2)(D) and 28 U.S.C. § 636(b)(1)(B).

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which an objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff filed objections in this case, this Court will conduct a de novo review of the magistrate judge's order.

## III. Discussion

When a party appeals an action to the court of appeals, this Court does not retain jurisdiction of matters involved in the appeal. Langham-Hill Petroleum Inc. v. S. Fuels Co., 813 F.2d 1327, 1331 (4th Cir. 1987). This Court does maintain jurisdiction over issues collateral to the main cause of action. Id. Here, AFNI's motion for attorney's fees is "not compensation for the injury giving rise to the action and thus [is] not an element of relief." Id. Accordingly, this Court has jurisdiction and will review the magistrate judge's order awarding attorney's fees to AFNI.

Title 15, United States Code, Section 1692k(a)(3) provides in part that: "On a finding by the court that an action under this

3

section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs."

The plaintiff argues that his suit cannot have been brought in bad faith because he cited several court decisions and statutes. This Court disagrees. Bad faith "is not simply bad judgment or negligence, but rather implies the conscious doing of a wrong because of dishonest purpose or moral obliquity; . . . it contemplates a state of mind affirmatively operating with furtive design or ill will." In re 1997 Grand Jury, 215 F.3d 430, 436 (4th Cir. 2000) (quoting Black's Law Dictionary 139 (6th ed. 1990)) (internal citations omitted). The magistrate judge thoroughly reviewed the procedural history of the case in determining that the plaintiff acted in bad faith by not having a meritorious argument and continuing the suit for the purpose of harassment and obtaining a money judgment. The plaintiff stated that he has a background in legal matters. This Court agrees with the magistrate judge that if the plaintiff had the experience and knowledge he claims to possess, the plaintiff would have realized that his claim lacked merit. This Court also finds the letters the plaintiff sent the defendant's counsel important. After reviewing the letters, this Court agrees that the plaintiff's correspondence shows that the plaintiff filed, and pressed, his claim for monetary gain only. This Court also agrees with the magistrate judge's characterization of the plaintiff's language in the letters as "strong" and

"vexatious." After a de novo review, this Court finds that the plaintiff acted in bad faith.

The plaintiff further contends that the magistrate judge should have determined the appropriateness of attorney's fees based on the test set forth in Balcar v. Bell & Assocs., LLC, 295 F. Supp. 2d 635 (N.D. W. Va. 2003). That case involved sanctions imposed pursuant to Rule 11, not the FDCPA. Accordingly, the magistrate judge correctly applied the bad faith standard pursuant to the FDCPA in awarding attorney's fees to the defendant.

The plaintiff argues that, because he is proceeding pro se and in forma pauperis, the magistrate judge erred by awarding an award of attorney's fees to the defendant. The plaintiff points to 28 U.S.C. § 1915(f), which provides that judgments against prisoners may include the payment of costs. The plaintiff argues that Congress did not intend attorney's fees be awarded against an in forma pauperis plaintiff because Congress would have clearly stated that intention in the statute. This Court disagrees. A district court "can assess costs and monetary sanctions against IFP litigants." Moon v. Newsome, 863 F.3d 835, 837 (11th Cir. 1989); see also Marks v. Calendine, 80 F.R.D. 24, 31 (N.D. W. Va. 1978). When an in forma pauperis litigant is in court, "he is subject to the relevant law and rules of court." Moon, 863 F.3d at 837.

The plaintiff also contends that § 1915 is the more specific statute and should be followed over § 1692. Again, this Court disagrees. The magistrate judge awarded attorney's fees pursuant

5

to its authority under § 1692k, which explicitly authorizes an award to a prevailing party.  See Chase Manhattan Mortg. Corp. v. Smith, 507 F.3d 910, 915-16 (6th Cir. 2007) (finding in forma pauperis plaintiffs' arguments unpersuasive where district court awarded costs pursuant to 28 U.S.C. § 1447(c), which explicitly authorizes an award of attorney's fees).

Lastly, the plaintiff argues that summary judgment was improper here because he was not issued a Roseboro Notice in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The "purpose of a Roseboro Notice is to give the pro se plaintiff fair notice that a summary disposition of his case is possible and that he may file responsive pleadings." Austin v. Johnson, 2009 WL 260482 (E.D. Va. Feb. 2, 2009).  In this case, the plaintiff had notice of the defendant's motion for summary judgment, even with the absence of a Roseboro Notice.  Here, the plaintiff filed a Notice of Intent to File a Response to Defendant's Motion for Summary Judgment, a Motion for Extension of Time to File a Response to Defendants's Motion for Summary Judgment, and a Response to Defendant's Motion for Summary Judgment.  Accordingly, this Court finds that this objection lacks merit.

After a de novo review, this Court finds that the magistrate judge's order must be affirmed and adopted.  Accordingly, the defendant's motion for attorney's fees should be granted.  The magistrate judge calculated that a reasonable fee award in this

case would total $3,920.00.  This Court, finding the calculation to be reasonable, adopts the fee awarded by the magistrate judge.

### IV.  Conclusion

After a <u>de novo</u> review, this Court ADOPTS and AFFIRMS the magistrate judge's order in its entirety.  For the reasons stated above, defendant AFNI's motion for attorney's fees is GRANTED.  The plaintiff is directed to pay the defendant $3,920.00 in attorney's fees.

Should the plaintiff choose to appeal the ruling of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the <u>pro se</u> plaintiff by certified mail and to counsel of record herein.

DATED:     September 1, 2010

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE